UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 5:03-cr-73-TJC-PRL

GREGORY MCKINNIES   ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

## ORDER

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.[1]

   ☒ FACTORS CONSIDERED

Defendant Gregory McKinnies is a 47-year-old inmate incarcerated at Fort Dix FCI, serving a 262-month term of imprisonment for conspiracy to distribute 50 grams or more of cocaine base. (Doc. 353, Judgment; Doc. 696,

---

[1] The Court construes Defendant's Motion as one under § 3582(c)(1)(A) because he seeks a sentence reduction "due to the extraordinary and compelling circumstances" alleged in his filing. (Doc. 713 at 1). The Court assumes, for the sake of discussion, that he has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

First Step Act Order).[2] According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on April 29, 2023. Defendant seeks compassionate release because of Covid-19, which he alleges spread throughout his prison and sickened him for several days after inmates arrived at Fort Dix FCI from Elkton, Ohio. (Doc. 713, Motion for Compassionate Release at 1–2). Defendant also states that between 2013 and 2016, his father and three of his seven children tragically passed away, and that his mother died on January 31, 2021. (Id. at 2). Defendant contends that during his time in custody he has been rehabilitated. The United States has filed a response in opposition. (Doc. 714, Response).

A movant for compassionate release bears the burden of proving that a sentence reduction is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a sentence reduction is appropriate). The statute provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the

---

[2]   The Court initially sentenced Defendant to a term of 360 months in prison. (Doc. 353). In June 2019, the Court reduced Defendant's prison sentence to 262 months pursuant to Section 404 of the First Step Act of 2018. (Doc. 696).

2

> warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction.

18 U.S.C. § 3582(c)(1)(A). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, No. 20–12023, 2021 WL 745262, at *2 (11th Cir. Mar. 2, 2021) (published). As the Third Circuit Court of Appeals has observed, the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

Defendant has not demonstrated extraordinary and compelling reasons warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A). Although the record indicates that Defendant contracted coronavirus in December 2020 (see Doc. 714-1, Medical Records at 1, 3–4, 7, 9), the record also indicates that Defendant had fully recovered by December 29, 2020 (id. at 1). The record does not indicate that Defendant suffers from any underlying conditions that, according to the Centers for Disease Control, would increase or potentially increase the risk of serious illness from Covid-19. (See id. at 37–39). Neither the Covid-19 pandemic in general, nor Defendant's condition in particular, warrants compassionate release.

3

Defendant also points to the deaths of several family members since 2013. Except for the passing of Defendant's mother in January 2021, the other four family members who passed away died between 2013 and 2016. There is no indication that, as a result of these deaths, any minor children or a spouse of Defendant's were left without a caregiver. Unfortunately, it is common for family members to pass away during a defendant's term of incarceration. And the lengthier the defendant's sentence, the more likely that is to be the case. While the Court offers Defendant its condolences, this is not an occurrence that would warrant early release from a lawfully imposed sentence. Accordingly, while the Court commends Defendant's efforts at rehabilitation, Defendant's circumstances are not so extraordinary and compelling as to warrant compassionate release.[3]

Accordingly, Defendant Gregory McKinnies's Motion for Compassionate Release (Doc. 713) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 17th day of March, 2021.

*Timothy J. Corrigan*
TIMOTHY J. CORRIGAN
United States District Judge

---

[3] The Court recognizes there is a split of authority over whether district courts are bound by U.S.S.G. § 1B1.13 and its commentary in the context of defendant-initiated motions for compassionate release. See, e.g., United State v. Ruffin, 978 F.3d 1000, 1006–08 (6th Cir. 2020). The Court's decision does not depend on the resolution of that issue because it would reach the same conclusion if it had independent authority to identify extraordinary and compelling reasons.

lc 19
Copies:
Counsel of record
Defendant